AO 93C (08/18)  Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>an LG cellular telephone, Model LG-SP200, FCC ID<br>ZNFSP200, S/N 902VTFW1870419, seized from a<br>BMW sedan bearing MA Reg. 8NJ534 on July 9, 2019 | Case No. 20-MJ-2616-MBB |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of  Massachusetts
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   December 14, 2020     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. Marianne B. Bowler   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of   _____   .

Date and time issued:    November 30, 2020 at 10:20 am           *(signature)* HON. MARIANNE B. BOWLER
                                                                   United States Magistrate Judge

City and state:    Brookline, Massachusetts

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.:<br>20-MJ-2616-MBB | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

## ATTACHMENT A

### Description of Equipment to Be Searched

A. LG cellular telephone, Model LG-SP200, FCC ID ZNFSP200, S/N 902VTFW1870419, seized from a BMW sedan bearing MA Reg. 8NJ534 used by CASIANO on July 9, 2019, currently stored at the Massachusetts State Police Gang Unit West Team Office, 190 Carando Drive, Springfield, MA 01104;

B. Alcatel cellular telephone, Model 4044C, FCC ID 2ACCJN012, IMEI 014896003096067, seized from a BMW sedan bearing MA Reg. 8NJ534 used by CASIANO on July 9, 2019, currently stored at the Massachusetts State Police Gang Unit West Team Office, 190 Carando Drive, Springfield, MA 01104;

C. Samsung Galaxy S9 cellular telephone, FCC ID A3LSMG960U, IMEI 355029091892653, seized from a BMW sedan bearing MA Reg. 8NJ534 used by CASIANO on July 9, 2019, currently stored at the Massachusetts State Police Gang Unit West Team Office, 190 Carando Drive, Springfield, MA 01104.

## ATTACHMENT B

### Items to Be Seized

I.  All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of racketeering activity and conspiracy in violation of 18 U.S.C. §§ 1962(c) and (d); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); use of a firearm during a crime of violence or controlled substance offense, in violation of 18 U.S.C. § 924(c); manufacturing, importation, distribution and possession with intent to distribute controlled substances, and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), and 846, including those related to:

   A.  The existence, operations, and structure of the international criminal organization known as the "Almighty Latin King and Queen Nation" or "Latin Kings";

   B.  The identities and aliases of leaders, members, associates, co-conspirators, rivals, or victims of the Latin Kings;

   C.  The locations or travels of any leaders, members, associates, co-conspirators, rivals, or victims of the Latin Kings;

   D.  The methods of communications between members, associates, co-conspirators, rivals, or victims of Latin Kings, including the telephone numbers, messaging applications, and social media accounts used by leaders, members, associates, co-conspirators, rivals, or victims of the Latin Kings;

   E.  Communications between members, associates, co-conspirators, rivals, or victims of Latin Kings including discussion regarding any criminal activities by or on behalf of members of Latin Kings, racketeering activity by any leaders, members, associates, co-conspirators, rivals, or victims of the Latin Kings;

   F.  Acts taken or statements made by leaders, members, associates, and co-conspirators of the Latin Kings during or in furtherance of the conspiracy;

   G.  The payment, receipt, transfer, or storage of money or other things of value by leaders, members, associates, co-conspirators, rivals, or victims of the Latin Kings, including bank or credit union records, investment records, money transfer records, tax records, or other financial records;

H. The manufacturing, importation, distribution and possession with intent to distribute controlled substances;

I. The racketeering enterprise, including specifically, the laundering of proceeds of the distribution of controlled substances, and the concealment of the true nature of drug proceeds;

J. The existence, identity, and travel of any co-conspirators, as well as any co-conspirators acts taken in furtherance of the crimes listed above;

K. Clothing, shoes, accessories and paraphernalia associated with the Latin Kings, and their colors of yellow and black;

L. Machetes, hatchets, knives, baseball bats, and other dangerous weapons;

M. Firearms, ammunition, and any documents and items related to firearms and ammunition, including manuals, storage containers, receipts, invoices, literature, targets, shell casings, firearms accessories, magazines, scopes, silencers, and other items made for or anticipated to be used in conjunction with firearms;

N. Controlled substances, including cocaine, cocaine-base, crack cocaine, Oxycodone, heroin, methamphetamine, gabapentin, tablets, Adderall, fentanyl, and marihuana;

O. The manufacture, packaging, importation, and distribution of controlled substances, and possession of controlled substances with intent to distribute, including scales, baggies, baking soda, pyrex pots, pots, and other paraphernalia related to the packaging, distribution and manufacturing of controlled substances;

P. Evidence of who used, owned, or controlled the equipment;

Q. Evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;

R. Evidence of the attachment of other hardware or storage media;

S. Evidence of counter-forensic programs and associated data that are designed to eliminate data;

T. Evidence of when the equipment was used;

U. Passwords, encryption keys, and other access devices that may be necessary to access the equipment; and

V. Accounts held with companies providing Internet access or remote storage.

## DEFINITIONS

For the purpose of this warrant:

A.  "Equipment" means any hardware, software, storage media, and data.

B.  "Hardware" means any electronic device capable of data processing (such as a computer, digital camera, cellular telephone or smartphone, wireless communication device, or GPS navigation device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C.  "Software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D.  "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, USB or thumb drive, or memory card).

E.  "Data" means all information stored on storage media of any form in any storage format and for any purpose.

F.  "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## Return of Seized Equipment

If, after inspecting seized equipment, the government determines that the equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity and accuracy (but not necessarily relevance or admissibility) for evidentiary purposes.

5

If equipment cannot be returned, agents will make available to the equipment's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, personally-identifying information of victims; or the fruits or instrumentalities of crime.